UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DEBORAH E. PARMELEE )<br>    **Plaintiff** )<br> )<br> )<br> )<br> )<br>v. )<br> )<br>**FOCUS RECEIVABLES MANAGEMENT, LLC** )<br>    **Defendant** )<br> ) | CIVIL ACTION<br><br><br><br><br><br><br><br><br>JANUARY 18, 2010 |

## COMPLAINT

### I. INTRODUCTION

1. This is a suit brought by a consumer who has been harassed by the defendant collection agency. This action is for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and for intentional infliction of emotional distress.

### II. PARTIES

2. Plaintiff, Deborah E. Parmelee, is a natural person residing in Middletown, Connecticut and is a consumer as defined by the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §1692a(3).

3. The defendant, Focus Receivables Management, LLC ("Focus"), is a Georgia corporation and is licensed by the Connecticut Department of Banking as a Consumer Collection Agency and is a debt collector as defined by FDCPA § 1692a(6).

## III. JURISDICTION

4. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, and 1337.

5. This Court has jurisdiction over Focus because it engages in debt collection within Connecticut.

6. Venue in this Court is proper, because the Plaintiff is a resident and the acts complained of occurred in this state.

## IV. FACTUAL ALLEGATIONS

7. Plaintiff had opened a personal credit account with Discover and accrued a debt ("the Debt").

8. Plaintiff subsequently became disabled and dependent on social security disability income.

9. The Debt was assigned to Focus for collection purposes.

10. On or around the beginning of November 2009, Focus began calling Plaintiff and leaving messages on her answering machine; on each message, a representative left a name and a phone number with an extension and requested that Plaintiff call him or her; none of the messages contained information about the identification of the collection agency or provided notice that the communication was from a debt collector.

11. On or around November 13, 2009, Plaintiff called one of the numbers left on one of the aforementioned messages, and she spoke with a female representative.

12. During that conversation, Plaintiff asked the representative who she represented, but the representative refused to provide that information to Plaintiff; she simply stated that Plaintiff owed a debt to Discover and needed to pay.

13. Plaintiff told the representative that she was disabled and received disability income only, and therefore she could not afford to pay the Debt.

14. The representative responded by asking Plaintiff how much disability income she received, and Plaintiff replied that she was not required to disclose that kind of information, at which point the representative told Plaintiff that she could find out that information, that Plaintiff owed the Debt, and that Focus would be collecting it and Plaintiff would pay, at which point the representative hung up the phone.

15. The representative's statements in the aforementioned conversation led Plaintiff to believe that Focus would be collecting the Debt directly from her disability check, and she worried that she would not have enough money to pay for the bare necessities, and she considered going to her bank and withdrawing her disability income savings before Focus withdrew the money from her account.

16. For the week following that conversation, Plaintiff worried, had trouble sleeping and concentrating, felt threatened, and frequently checked her bank balance to make sure that Focus had not withdrawn anything.

17. Focus continued to leave messages on Plaintiff's answering machine.

18. On or around December 14, 2009, a Focus representative who referred to herself as Alicia Kaiser called Plaintiff and left a message on Plaintiff's answering machine; on that message, Alicia Kaiser did not state that the communication was from a debt collector.

19. On or around December 30, 2009 Focus called and spoke with Plaintiff, and during that call a female representative told Plaintiff that she needed to pay the debt because people don't like people who don't pay their debts, and she told Plaintiff that she needed to get settlement offers from all of her creditors to whom she owed a debt and then go to her bank and take out a loan and pay every creditor.

## V. COUNT ONE

### Violations of Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*

20. Plaintiff incorporates Paragraphs 1-19.

21. Focus violated the FDCPA in one or more of the following respects:

   a. Focus violated 15 U.S.C. § 1692e(5) by threatening to collect Plaintiff's disability income when it was unauthorized to do so or was not intending to do so.

   b. Focus violated 15 U.S.C. § 1692e(10) by deceptively misrepresenting that Plaintiff had to pay the Debt regardless of the circumstances.

   c. Focus violated 15 U.S.C. § 1692e(10) by refusing to provide Plaintiff with its identity at the time she requested that information.

   d. Focus violated 15 U.S.C. § 1692e(11) by leaving messages that failed to inform Plaintiff that the communication was from a debt collector.

   e. Focus violated 15 U.S.C. § 1692d by engaging in conduct as described above, the natural consequence of which was to harass, oppress, or abuse the plaintiff.

   f. Focus violated 15 U.S.C. § 1692f by using unfair or unconscionable means to attempt to collect the debt as described above.

22. For Focus' violations of the Fair Debt Collection Practices Act as described above, the Plaintiffs are entitled to recover actual damages (including any emotional distress related damages), statutory damages of $1,000.00, and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k.

## VI. COUNT TWO

### Intentional Infliction of Emotional Distress

23. Plaintiff incorporates Paragraphs 1-19.

24. Focus knew, or reasonably should have known, that its conduct would likely cause emotional distress to Plaintiff.

25. Focus' conduct did cause Plaintiff to suffer emotional distress, embarrassment, shame, stress and anxiety.

26. Focus' actions were willful, wanton and malicious, in that they intended to cause Plaintiff distress to induce Plaintiff to pay the Debt, in hopes that Plaintiff would pay in order to relieve the stress.

WHEREFORE, the Plaintiff seeks recovery of monetary damages (including emotional distress damages) pursuant to 15 U.S.C. § 1692k; statutory damages pursuant to 15 U.S.C. § 1692k; attorney's fees and costs pursuant to 15 U.S.C. § 1692k; and such other relief as this Court deems appropriate.

PLAINTIFF, DEBORAH E. PARMELEE

By: _____
Daniel S. Blinn, Fed Bar No. ct02188
Matthew W. Graeber, Fed Bar No. ct27545
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd., Suite 512
Rocky Hill, CT  06067
Tel. (860) 571-0408; Fax (860) 571-7457